UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:24CV-P55-JHM

**ALAN MICHAEL PETTUS**                                 **PLAINTIFF**

**v.**

**BRENT WHITE** *et al.*                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Alan Michael Pettus filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and stay the action with respect to the remaining claims.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a pretrial detainee, filed the instant action on March 21, 2024.[1]  He sues Lyon County Sheriff Brent White, Chief Deputy Sam Adams, and Deputy Seth P'pool in their individual and official capacities. He also sues Lyon County District Judge Natalie White in her official capacity only.

Plaintiff states that on July 31, 2022, he was arrested in Lyon County, Kentucky, and was told by law enforcement that they had questions for him. He asserts, "At that point I clearly told them I wanted my lawyer present for any questioning." He reports that he was taken to the Lyon County Sheriff's Department and placed in an interrogation room by Defendants Brent White, Adams, and P'pool. He states that "an attempt to interview was made and I exercised my 5th Amendment my right to remain silent, these officers would not allow me to contact my

---

[1] Under the mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Plaintiff certified in the complaint that he delivered the complaint to the prisoner mail system for mailing on March 21, 2024.

attorney . . . ."  He states that Defendants Brent White and Adams "began making threats to me" and told him that he "could cooperate and answer the questions or []they would do what they had to to promise me a prison sentence!"  He states that the threats "involved them staging evidence on the search warrant returns if I didn't give them the information pertaining to the drugs found the said day of 7-31-22 located in a truck that I myself was not occupying nor that was registered to me, nor did I have access to."

Plaintiff also states that while he was in the interrogation room Defendant Brent White ripped a gold chain from his neck and took another gold chain from him stating "since I didn't want to cooperate he was keeping my jewelry 5.6 ounces of gold."  He asserts that Defendant Brent White "used excessive force while I was in a defenseless state handcuffed behind my back and took property from me that did not pertain to my case."  He also maintains that Defendant Brent White rammed his head into a wall.

Plaintiff further states that Defendant Adams "forged a legal document it is clear that I did not print my name, sign my signature, nor did I date the document."  He continues, "I did not agree to speak to authorities or give up any rights."

Plaintiff next asserts that Defendant P'pool "falsified information under oath" to the Kentucky Parole Board and "submitted a falsified document [illegible] on 9-12-22 involving the charge of resisting arrest on 7-31-22, then testifying to a grand jury under oath a completely different story."  Plaintiff further states that Defendant P'pool "falsified information on the evidence tracker sheets that was included within my discovery" and "staged and tampered with physical evidence clearly being proven by the discovery itself."  He asserts, "This type of deceptive misconduct denies me the right to a fair trial and it's a violation of my rights to the fullest.  (Perjury [illegible] 4th amendment)."

2

Finally, Plaintiff states, "During a preliminary hearing in the Lyon County District Court on August 10th 2022 District Judge Natalie White denied me right to counsel by making me proceed without my attorney being present."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "[illegible] the Kentucky Parole Board about information that was falsified about charges by officers responsible.  And held responsible for official conduct."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,*

3

454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

#### A. Claim against Defendant Natalie White

The Court will first address Plaintiff's claim against Defendant Natalie White. Plaintiff sues her in her official capacity only. Defendant Natalie White is a state official. *See Gordon v. Van Schoyk*, No. 3:17-cv-721, 2020 U.S. Dist. LEXIS 31636, at *8 (N.D. Ohio Feb. 25, 2020) (finding that "state court judges are state officials"). State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In addition, claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, Plaintiff's official-capacity claim against Defendant Natalie White must be dismissed for seeking damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.[2]

Even if Plaintiff had sued Defendant Natalie White in her individual capacity, however, the claim against her would still fail. Plaintiff asserts that Defendant Natalie White denied him his right to counsel at a preliminary hearing on August 10, 2022. Even if that claim were not barred by the statute of limitations, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be

---

[2] The only injunctive relief Plaintiff seeks in the complaint concerns false information given to the Kentucky Parole Board. Therefore, Plaintiff asserts no claim for injunctive relief against Defendant Natalie White.

free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).   A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly.   *Mireles*, 502 U.S. at 11.   Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57.   There is no indication that the alleged actions by Defendant Natalie White were not in the scope of her judicial capacity or that she was not acting within her jurisdiction.   Therefore, a claim against Defendant Natalie White in her individual capacity would be subject to dismissal for failure to state a claim upon which relief may be granted.

### B. Claims against Defendants Brent White, Adams, and P'pool

#### 1. Official-capacity claims

Plaintiff sues Defendants Brent White, Adams, and P'pool in both their official and individual capacities.   "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"   *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants are actually brought against their employer, Lyon County.   *Id*. at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:   (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.   *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).   In regard to the second component, a municipality cannot be

held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of Lyon County. Accordingly, his official-capacity claims against Defendants Brent White, Adams, and P'pool must be dismissed for failure to state a claim upon which relief may be granted.

### *2. Individual-capacity claims*

#### a. Interrogation

Plaintiff alleges that when questioned by Defendants Brent White, Adams, and P'pool he informed them that he wanted his lawyer to be present but that they attempted to interview him without his attorney present and would not allow him to contact his attorney. The right to counsel during a custodial interrogation derives from the Fifth Amendment right not to be compelled to give incriminating information. *See Miranda v. Arizona*, 384 U.S. 436, 469-70 (1966). Plaintiff does not allege that he provided any incriminating statements. "As Plaintiff does not allege facts from which to infer that he has been compelled to give incriminating

statements, he cannot contend that his right to counsel has been violated." *Burns v. Heyns*, No. 1:14-cv-733, 2015 U.S. Dist. LEXIS 91744, at *27 (W.D. Mich. July 15, 2015).   Therefore, Plaintiff's allegations do not state an actionable Fifth Amendment claim, and the claim will be dismissed for failure to state a claim upon which relief may be granted.

### b. Verbal threats

Plaintiff's allegations of verbal threats made by Defendants Brent White, Adams, and P'pool during the interrogation do not give rise to a constitutional claim.  "'Standing alone, verbal threats of arrest do not support a constitutional claim.'"  *Hora v. Risner*, No. 3:18-cv-344, 2020 U.S. Dist. LEXIS 146014, at *12 (S.D. Ohio Aug. 13, 2020) (quoting *Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003)); *see also Schuler v. Vill. of Newcomerstown*, No. 5:16-cv-1466, 2017 U.S. Dist. LEXIS 49454, at *12 (N.D. Ohio Mar. 31, 2017) ("Mere words, even spoken threats of serious harm or arrest, however, do not constitute an infringement of a constitutional right and are not actionable under § 1983."); *Settles v. McKinney*, No. 3:12CV-P368-H, 2013 U.S. Dist. LEXIS 69577, at *13 (W.D. Ky. May 16, 2013) (finding "[m]ere verbal threats" by police officers do not rise to the level of a constitutional violation) (citing *Williams v. Sandal*, 433 F. App'x 353, 362 (6th Cir. 2011)).   Therefore, Plaintiff's allegations based on verbal threats against him must be dismissed for failure to state a claim upon which relief may be granted.

### c. Confiscation of property and excessive force

Plaintiff alleges that Defendant Brent White confiscated his gold chains.  He also states that Defendant Brent White used excessive force and rammed his head into a wall.  'Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations.  *Fox v. DeSoto*, 489

F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)).   Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued."  Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint.  *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law."  *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)).   "The 'standard' accrual 'rule' for federal claims starts the limitations period 'when the plaintiff has a complete and present cause of action' that can be raised in court."  *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 13 (2019)).

Plaintiff alleges that Defendant Brent White took his gold chains and subjected him to excessive force during his interrogation on January 31, 2022.  These claims accrued when Plaintiff had a complete and present cause of action, which the Court finds was on the date of the interrogation, and the limitations period expired one year later, on January 31, 2023.   The complaint was not filed until March 21, 2024, more than thirteen months after the expiration of the statute of limitations.   Therefore, the Court finds that it is obvious on the face of the complaint that Plaintiff's § 1983 claims based on the confiscation of his property and excessive force are untimely, and these claims must therefore be dismissed as frivolous.

**d. False information given to Kentucky Parole Board**

Plaintiff next asserts that Defendant P'pool "falsified information under oath" to the Kentucky Parole Board and "submitted a falsified document [illegible] on 9-12-22 involving the charge of resisting arrest on 7-31-22[.]"  Plaintiff's claims concerning P'pool's actions before the Kentucky Parole Board accrued on the date Plaintiff had a complete and present cause of action, which the Court finds was the day of the hearing, September 12, 2022, and the statute of limitations expired on September 12, 2023.  As previously stated, Plaintiff did not file the complaint until March 21, 2024, more than five months after the statute of limitations expired. Accordingly, the Court finds that it is obvious on the face of the complaint that Plaintiff's claims based on P'pool's testimony before the Kentucky Parole Board are untimely.  These claims must therefore be dismissed as frivolous.

Moreover, because Plaintiff's request for injunctive relief is related to falsified information given to the Kentucky Parole Board, the claim for injunctive relief must also be dismissed as frivolous.

**e. Testimony before grand jury**

Plaintiff alleges that Defendant P'pool "testif[ied] to a grand jury under oath a completely different story."  Plaintiff does not provide the date this allegedly occurred.  In any event, the United States Supreme Court has held that "all witnesses—police officers as well as lay witnesses—are absolutely immune from civil liability based on their trial testimony in judicial proceedings." *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983).  Moreover, a grand jury witness, including a police officer, has absolute immunity from any § 1983 claim based on the witness's testimony.  *Rehberg v. Paulk*, 566 U.S. 356, 368-69 (2012).  Therefore, Plaintiff's claim

regarding Defendant P'pool's grand jury testimony must be dismissed for failure to state a claim upon which relief may be granted.

### f. Forged document and falsified information in discovery

The remaining claims are that Defendant Adams "forged a legal document it is clear that I did not print my name, sign my signature, nor did I date the document." Plaintiff states, "I did not agree to speak to authorities or give up any rights." Plaintiff further states that Defendant P'pool "falsified information on the evidence tracker sheets that was included within my discovery" and "staged and tampered with physical evidence clearly being proven by the discovery itself." He asserts, "This type of deceptive misconduct denies me the right to a fair trial and it's a violation of my rights to the fullest. (Perjury [illegible] 4th amendment)."

Plaintiff does not allege a date when these actions occurred. Therefore, it is not obvious on the face of the complaint that the claims are barred by the statute of limitations. The Court construes the allegations as claims challenging his arrest and prosecution in the ongoing criminal action against him in Lyon County.[3] There is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975). Therefore, when a federal action deals with issues involved in a state court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted). Under the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), "abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of

---

[3] The Court presumes that the state-court criminal case is ongoing since Plaintiff is a pretrial detainee. In addition, a review of Kentucky state-court records shows that Plaintiff has pending charges against him in Lyon County for resisting arrest, trafficking in a controlled substance, possession of drug paraphernalia, being a convicted felon in possession of a handgun, assault on a peace officer, and being a persistent felony offender stemming from an indictment on October 5, 2022. *See Commonwealth v. Allen*, Lyon Circuit Court No. 22-CR-00140, https://kcoj.kycourts.net (last accessed August 7, 2024).

such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)).   The *Younger* abstention doctrine may be raised *sua sponte* by a federal court.  *See O'Neill*, 511 F.3d at 642.

Under *Younger,* a federal court shall abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith,"  *Huffman,* 420 U.S. at 611; (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief."  *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly.  *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case.  First, Plaintiff's claims relate to his ongoing state-court criminal case.  Second, Plaintiff's criminal proceedings involve important state interests.  *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings.").   Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges to his arrest and prosecution.  Moreover, if he is found guilty of the charges against him, he still has

11

a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court.

In addition, none of the exceptions to application of the *Younger* abstention bar are present here. Although the amended complaint could be construed to contend that Plaintiff's prosecution is in bad faith, his allegations fail to meet the narrow exception set forth in *Huffman*. With regard to that exception, the Sixth Circuit has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions.

*Lloyd v. Doherty*, No. 18-3552, 2018 U.S. App. LEXIS 33324, at *9 (6th Cir. Nov. 27, 2018) (quoting *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001)). "Likewise, 'no Sixth Circuit case . . . has ever authorized federal intervention under the bad faith or harassment exception.'" *Doe v. Lee*, No. 3:21-cv-00809, 2022 U.S. Dist. LEXIS 71576, at *20 (M.D. Tenn. Apr. 19, 2022) (quoting *Watkins v. Ohio Dep't of Educ.*, No. 2:21-CV-04482, 2022 U.S. Dist. LEXIS 39298, at *19 (S.D. Ohio Mar. 7, 2022)). Here, Plaintiff does not allege that Defendants Adams and P'pool have initiated repeated prosecutions to harass him or that they have no intention of following through on the instant prosecution. Therefore, the bad-faith exception does not apply here.

As to the second exception, Plaintiff does not challenge the constitutionality of any of the statutes he has been charged with violating. The third exception "is reserved for situations where 'the federal court concludes that the state proceedings are inadequate because there is no available state forum for the plaintiff's constitutional claims . . . or the state judicial or administrative officers have a conflict of interest or are biased.'" *Goodwin v. Cnty. of Summit, Ohio*, 45 F. Supp. 3d 692, 704 (N.D. Ohio 2014) (quoting *Cmty. Treatment Ctrs., Inc. v. City of*

*Westland*, 970 F. Supp. 1197, 1225 (E.D. Mich. 1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 107-08 (1975); *Gibson v. Berryhill*, 411 U.S. 564, 576-78 (1973)).  The Court has already found that the Kentucky state courts provide Plaintiff with various opportunities to address his constitutional claims.  Moreover, nothing in the complaints suggests that the judge in his state-court criminal proceeding is biased against him or has a conflict of interest.

Therefore, the Court will stay Plaintiff's claims against Defendant Adams regarding a forged document and against Defendant P'pool regarding falsified information in discovery in light of *Younger*.  *See Lloyd* 2018 U.S. App. LEXIS 33324, at *10 ("Instead of dismissing this claim in its entirety, however, the district court arguably should have stayed the case pending resolution of the state court proceedings because Lloyd sought monetary damages in addition to equitable relief.") (citing *Doe v. Univ. of Ky.*, 860 F.3d 365, 372 (6th Cir. 2017) ("[W]e have consistently held that if a court abstains under *Younger*, it should stay any claim for damages rather than evaluate the merits and dismiss the case.")).

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claim against Defendant Natalie White; his official-capacity claims against Defendants Brent White, Adams, and P'pool; and his individual-capacity claims based on his interrogation, verbal threats, confiscation of property, excessive force, false information given to Kentucky Parole Board (including for injunctive relief), and testimony to the grand jury are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) as frivolous, for failure to state a claim upon which relief may be granted, and for seeking damages from a defendant who is immune from such relief.

13

The **Clerk of Court is DIRECTED to terminate** Brent White and Natalie White as Defendants in the action because no claims remain against them.

**The remaining claims against Defendants Adams and P'pool are STAYED until the conclusion of Plaintiff's state-court criminal proceedings.**

**<u>Plaintiff shall provide the Court with a status report within 30 days of the conclusion of his state-court criminal proceedings</u>.**   The report should indicate whether Plaintiff has been convicted of the charges against him.

**Plaintiff is WARNED that his failure to provide the Court with a status report within <u>30 days</u> of the conclusion of his criminal proceedings will result in the dismissal of the action for failure to prosecute**.

The Court will conduct an initial review of this action pursuant to 28 U.S.C. § 1915A once the stay is lifted.

Date:   August 8, 2024

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
    Defendants Adams and P'pool
    Lyon County Attorney
4414.010

14